*Arch Specialty Insurance Co. v. Payne*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-five.

PRESENT:   STEVEN J. MENASHI,
                       MYRNA PÉREZ,
                       ALISON J. NATHAN,
                                   *Circuit Judges.*

_____

ARCH SPECIALTY INSURANCE CO.,

            *Plaintiff-Appellant*,

            v.                                                              No. 24-1274

FELIX PAYNE, KEREN CAMPBELL,

            *Defendants-Appellees*,

ANDREW WILLIAMS, HEWANNORA CONSTRUCTION, INC., SKYLINE RISK MANAGEMENT, INC., MAJESTIC CONSTRUCTION SERVICES, INC.,

            *Defendants*.*

_____

*For Plaintiff-Appellant*:                    J. GREGORY LAHR, Hinshaw & Culbertson

---

* The Clerk of Court is directed to amend the caption as set forth above.

LLP, New York, NY.

*For Defendants-Appellees:* No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Lindsay, Mag. J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Arch Specialty Insurance Company ("Arch") appeals from a judgment entered by the United States District Court for the Eastern District of New York. Arch alleged that Hewannora Construction, Inc. ("Hewannora") failed to pay $1,247,950.03 in premium, taxes, and fees. Arch sought to pierce Hewannora's corporate veil and hold Felix Payne, Andrew Williams, and Keren Campbell liable. The district court granted a default judgment on Arch's breach of contract claim against Hewannora, *see Arch Specialty Ins. Co. v. Hewannora Constr., Inc.*, No. 16-CV-4335, 2017 WL 11636064, at *10 (E.D.N.Y. Sept. 7, 2017), and dismissed Arch's veil-piercing claims against Payne, Williams, and Campbell because Arch had "failed to set forth facts supporting piercing of the corporate veil in connection with its claim for breach of contract," *Arch Specialty Ins. Co. v. Hewannora Constr., Inc.*, No. 16-CV-4335, 2024 WL 2109303, at *3 (E.D.N.Y. Apr. 4, 2024).

On appeal, Arch argues that the district court "erred in concluding that the corporate veil should not be pierced as to Payne and Campbell." Appellant's Br. 9. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

## I

"Under New York law, holding a corporate officer or owner personally liable for a wrong the corporation committed requires piercing the corporate veil." *Residential Fences Corp. v. Rhino Blades, Inc.*, No. 24-897, 2025 WL 583323, at *3 (2d

Cir. Feb. 24, 2025). "The concept of piercing the corporate veil is a limitation on the accepted principles that a corporation exists independently of its owners, as a separate legal entity, that the owners are normally not liable for the debts of the corporation, and that it is perfectly legal to incorporate for the express purpose of limiting the liability of the corporate owners." *Morris v. N.Y.S. Dep't of Tax'n & Fin.*, 82 N.Y.2d 135, 140 (1993).

"Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) … such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Cortlandt St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 47 (2018) (quoting *Conason v. Megan Holding, LLC*, 25 N.Y.3d 1, 18 (2015)). "Properly understood, 'an attempt … to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners.'" *Id.* (quoting *Morris*, 82 N.Y.2d at 141).

"While complete domination of the corporation is the key to piercing the corporate veil, especially when the owners use the corporation as a mere device to further their personal rather than the corporate business, such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required." *Morris*, 82 N.Y.2d at 141-42 (citation omitted). "Without a finding that the domination occurred for the purpose of committing a wrong, the second element of a veil-piercing analysis has not been met." *MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC*, 268 F.3d 58, 64 (2d Cir. 2001).

## II

We see no error in the decision of the district court to dismiss Arch's claims against Campbell and Payne.

Arch alleged that Campbell, Payne, and Williams "exercised complete domination over Hewannora" and "used Hewannora's funds for their personal

3

use." App'x 28. The district court was "concerned" that Arch had failed to allege a basis for veil piercing because "no allegations of fraud have been made." *Id.* at 1355. In response to the district court's order to show cause "as to why its claims against Defendants Williams, Payne, and Campbell should not be dismissed," *id.*, Arch submitted a declaration that offered no facts concerning Campbell and Williams, *see id.* at 1357 n.1, 1360. The district court acted within its discretion by construing Arch's failure to show cause as to Campbell as a "concession that no claim exists" against him. *Arch Specialty*, 2024 WL 2109303, at *1 n.2.

Nor did the district court err in declining to hold Payne liable. Arch argues that "significant discrepancies and inaccuracies" on Hewannora's applications for coverage "combined with Payne's repeated misuse of the Hewannora Business Accounts for personal purposes" warranted piercing Hewannora's corporate veil. Appellant's Br. 26-27. But Arch failed to show that Payne "used the corporation in a manner *intended* to injure Plaintiff." *Arch Specialty*, 2024 WL 2109303, at *3 (emphasis added).

Arch speculates that Payne intentionally misrepresented information in order "to ensure a significantly lower premium obligation on his part," Appellant's Br. 26, but the district court found that there was "no evidence" to support this allegation, *Arch Specialty*, 2024 WL 2109303, at *3. Rather, at the close of discovery, "[t]he only facts noted by Plaintiff are those which relate to Payne's withdrawal of funds from the Hewannora account for his personal expenses." *Id.* And these facts did not support a finding that Payne intended to injure Arch. *See* App'x 1353 ("Boiled down, it is Plaintiff's position that the withdrawals of less than $15,000 over a two-year period by Payne justify piercing the Hewannora corporate veil and finding Defendants Payne and Campbell personally liable for $1,247,950.03."). The district court did not err in concluding that Arch failed to show that Payne used his domination of Hewannora to commit a fraud against Arch.

\*     \*     \*

We have considered Arch's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court